```
            UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF NEW HAMPSHIRE
```

United States of America

    v.                                    Case No. 24-po-23-SM-1

Frank N. Staples

                                             Opinion No. 2025 DNH 060

United States of America

    v.                                    Case No. 24-po-11-SM-1

Jason L. Gerhard

## Order on Appeal

Defendants, Frank Staples and Jason Gerhard, appeal their convictions on charges of violating 41 C.F.R. 102.74-385, failure to comply with federal law enforcement orders. The charges arose from each defendant's electronic recording in this courthouse in September of 2023 and their failure to comply with federal law enforcement orders to stop recording. Following their convictions in bench trials before Magistrate Judge Saint-Marc, each defendant filed a notice of appeal, and the cases were consolidated for appeal.

Staples moved to add evidence to the appellate record and to sever the appeals. Those motions are addressed below. For the reasons that follow, the convictions are affirmed.

<u>Standard of Review</u>

Defendants Staples and Gerhard each appeal from decisions by the magistrate judge following their bench trials. 18 U.S.C. § 3402; Fed. R. Crim. P. 58(g)(2). The scope of review of a magistrate judge's decision is "the same as in an appeal to the court of appeals from the judgment entered by a district judge." Fed. R. Crim. P. 58(g)(2)(D). When a defendant challenges his conviction for insufficient evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>United States v. Abbas</u>, 100 F.4th 267, 279 (1st Cir. 2024). When a defendant challenges a legal conclusion, however, review is under the de novo standard. <u>United States v. Langston</u>, 110 F.4th 408, 421 (1st Cir. 2024).

I.  <u>Preliminary Motions</u>

Defendants move to add evidence to the record for purposes of the appeal. Staples also moves to sever the appeals.

A.  <u>Record Evidence</u>

Generally, the record on appeal consists of the original evidence submitted to the trial court and the transcript of those proceedings. Fed. R. App. P. 10(a). Rule 10(e) allows

certain modification of the record, but a party cannot expand the record on appeal by "putting additional evidence, no matter how relevant, before the court of appeals that was not before the district court." United States v. Rivera-Rosario, 300 F.3d 1, 9 (1st Cir. 2002); accord United States v. Pagán-Ferrer, 736 F.3d 573, 584 (1st Cir. 2013).  In other words, "Rule 10(e) is not a vehicle for parties to raise a belated challenge to the course of proceedings below." Id.

Staples moves for leave to supplement the record with "video recordings and other materials that were obtained during interactions post-trial with DHS Officer Michael Plante, as well as conversations with court clerks and security officials." Doc. no. 40, at 1 (emphasis added).  He argues that the video recordings are relevant to a variety of issues on appeal.  Because the video recordings were not part of the trial record and, in fact, were not made until after the trial, they cannot be added to the record on appeal.  The motion is denied.

B. Separate Appeals

Staples also moves to sever his appeal from Gerhard's appeal because, he says, Gerhard has not been assisting with the appeal and the relationship between them has deteriorated. (Doc. no. 44).  Gerhard did not respond to the motion. Staples's reasons for separating the appeals do not suggest that

3

consolidation is prejudicial to his rights on appeal. Given the similarity of the cases and appeals, consolidation is appropriate. The court considers the appeals in their consolidated form.

II. Appeals

Staples and Gerhard raise the same issues on appeal based on the same briefing.[1]

A. Background

The events at issue in this case occurred here, in the Warren B. Rudman United States Courthouse, and are essentially undisputed. On Friday, September 9, 2023, defendants Staples and Gerhard came into the courthouse lobby with video recording equipment and proceeded to record inside the courthouse.

---

[1] Neither Staples nor Gerhard requested a transcript of his trial. For that reason, official transcripts are not part of the record on appeal. Fed. R. App. P. 10(a). In the absence of official transcripts, Staples and Gerhard cannot challenge the sufficiency of the evidence or otherwise dispute the evidentiary bases for their convictions. See Fed. R. App. P. 10(b)(2) ("If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion."); see also Downey v. Bob's Disc. Furniture Holdings, Inc., 633 F.3d 1, 8-9 (1st Cir. 2011) ("An appellant has the burden of ensuring that the record is adequate to permit reasoned review of her claims.").

4

Federal police officer Michael Plante told them they could not video record inside the courthouse because that violated court rules. Staples and Gerhard asserted their right to record inside the courthouse and said they would return on Monday for a hearing in a criminal case, United States v. Freeman, 21-cr-41-JL.

On Monday, Staples and Gerhard again entered the courthouse with video recording equipment and recorded in the lobby area. Officer Plante asked them to stop recording. Staples and Gerhard refused to stop and were arrested for the petty offense of failing to comply with the lawful order of a federal police officer in violation of 41 C.F.R. § 102-74.385.

Staples and Gerhard represented themselves during the petty offense proceedings. Judge Saint-Marc held separate bench trials for Staples and Gerhard on April 9, 2024. Gerhard's trial was held first, followed by Staples's trial. Ruling orally from the bench in each case, Magistrate Judge Saint-Marc denied their motions to dismiss the charges, found each of them guilty of violating § 102-74.385, and sentenced each of them to pay a fine of $100 with a $30 assessment fee. Judgment was entered against each defendant on April 10, 2024. Doc. no. 25 (Gerhard); Doc. no. 21 (Staples).

Staples and Gerhard each moved for reconsideration and asked for a written decision. Judge Saint-Marc construed the

motions as notices of appeal under Federal Rule of Criminal Procedure 58(g)(2)(B), and the notices of appeal were docketed. End. orders, May 2, 2024. The cases were consolidated for appeal (doc. no. 32 in each case), and defendants were given additional time to file their appellate briefs (end. order, June 24, 2024). Defendants filed their appellate briefs, the government responded, and defendants replied.

B. Discussion

Defendants raise 12 issues that they contend require overturning their convictions. The government asserts in its appellate brief that some of the issues were waived because they were not raised at trial and that all of the issues lack merit. In their reply to the government's brief, defendants identify three categories of issues on appeal: "Failure to Establish Federal Jurisdiction," "Constitutional Violations," and "Misapplication of Local Rule 83.8." Doc. no. 41, at 1. They also state that they raised additional "novel arguments." Id. Because defendants have not identified any error, much less reversible error, their convictions are affirmed.

1. Jurisdiction

Defendants assert that the charges against them are invalid because the federal government lacks jurisdiction over the

6

property where the courthouse is located.  Specifically, defendants argue the property belongs to the State of New Hampshire, not the federal government, and for that reason, the federal government had no authority to enforce Local Rule 83.8(a) and 41 C.F.R. § 102-74.385 against them.  In support, defendants rely on a New Hampshire statute, RSA 123:1, which pertains to land ownership between the State of New Hampshire and the United States of America, and 40 U.S.C. § 3112, which pertains to federal jurisdiction over land.

Defendants' jurisdictional issue is unclear and appears to be frivolous.[2]  The court is satisfied that this is a federal courthouse and that Local Rule 83.8 and 41 C.F.R. § 74-102.385, which were the bases of defendants' petty offense convictions, may be enforced here.  Defendants' convictions are unaffected by their jurisdictional theories.

### 2. Constitutional Issues

Defendants contend that their First and Second Amendment rights were violated by restricting their efforts to make video recordings in a public space.  They contend that the government

---

[2] To the extent defendants are attempting to raise an issue about ownership of the property where the courthouse is located, which would be on behalf of the State of New Hampshire, they lack standing to do so.  See United States v. Gerhard, 615 F.3d 7, 25-26 (1st Cir. 2010).

7

has been selective in enforcing restrictions on video recording in the courthouse in violation of their Fourteenth Amendment rights. They contend that their due process rights were violated because Judge Saint-Marc did not issue a written order giving reasons for their convictions. They further contend that confiscation of Staples's telephone at the end of his trial violated due process and the Fourth Amendment.[3]

        a.  <u>First Amendment right to record</u>[4]

Defendants contend that enforcement of LR 83.8(a) to prevent them from recording in the courthouse lobby deprived them of their First Amendment right to record public officials and proceedings in a public forum.[5] The interior of a

---

[3] In addition, defendants assert a variety of violations of the New Hampshire Constitution, but they provide no basis on which the alleged violations would apply or would have any effect in the context of this appeal from their convictions of federal petty offenses.

[4] Defendants also assert a right to video record in the courthouse under the Second Amendment. They have not shown that the Second Amendment, which pertains to the right to bear arms, has any relevance to their convictions.

[5] To the extent Staples argues that his First Amendment right to record was violated when his cell phone was confiscated at the end of his trial, he is mistaken. He has not shown that he had a First Amendment right to record the proceedings in the courtroom during his trial. See, e.g., Berner v. Delahanty, 129 F.3d 20, 26 (1st Cir. 1997) ("A courthouse—and, especially, a courtroom—is a nonpublic forum."); Decker v. Bales, No. CV-16-02872-PHX-SRB, 2017 WL 6407783, at *3 (D. Ariz. Feb. 28, 2017) ("[T]here is no First Amendment right to record a court

8

courthouse, however, is not a public forum.[6]  For that reason, enforcement of Local Rule 83.8(a) did not deprive defendants of their First Amendment rights.

"When it comes to First Amendment free speech challenges, not every public property is the same, and different types of property will require different treatment."[7]  Porter v. City of Philadelphia, 975 F.3d 374, 386 (3d Cir. 2020).  "Traditional public forums are places that the government has historically

---

proceeding or meeting.); McKay v. Federspeil, 22 F. Supp. 3d 731, 736 (E.D. Mich. May 20, 2014) (finding no constitutional right to record proceedings inside a courtroom and citing Chandler v. Florida, 449 U.S. 560 (1981) and Nixon v. Warner Communications, Inc., 435 U.S. 589 (1978)); see also Pitta v. Medeiros, 90 F.4th 11, 21 n.9 (1st Cir. 2024) (citing cases affirming restriction on recording inside a courtroom).

[6] Defendants point to a commemorative plaque in the courthouse lobby that acknowledges the contributions of Judges Stahl and DiClerico and Clerk of Court Starr to the building committee for the courthouse as evidence that the lobby is a public forum.  Although the plaque describes the result of their efforts as a "pleasing public forum," taken in context, the statement is only a descriptive phrase, meaning that the courthouse is a pleasing location for the public purpose of providing courts and dispensing justice.  That descriptive phrase is not a legal determination of the status of the courthouse or the lobby for purposes of the First Amendment.

[7] The First Amendment protects the "right to gather news from any source by means within the law, a privilege that extends to *non*-journalists too."  Berge v. Sch. Comm. of Gloucester, 107 F.4th 33, 40 (1st Cir. 2024) (internal quotation marks omitted).  As with all First Amendment rights, however, the type of property or forum controls the extent of the protection for newsgathering.  See Cornelius v. NAACP Legal Def. & Educ. Fund, Inc., 473 U.S. 788, 800 (1985); Mocek v. City of Albuquerque, 3 F. Supp. 3d 1002, 1073 (D.N.M. 2014).

9

held out for speech and assembly, such as public streets and parks." Davis v. Fallen, No. 24-CV-1563, 2024 WL 4628416, at *3 (E.D. Pa. Oct. 30, 2024).  In contrast, the interiors of courthouses are nonpublic forums.  Berner v. Delahanty, 129 F.3d 20, 26 (1st Cir. 1997); see also Enoch v. Hamilton Cnty. Sheriff's Off., No. 22-3946, 2024 WL 3597026, at *5 (6th Cir. July 31, 2024), cert. denied sub nom. Enoch v. Hamilton Co. Sheriff, No. 24-742, 2025 WL 889151 (U.S. Mar. 24, 2025); Courthouse News Serv. v. Planet, 947 F.3d 581, 596 (9th Cir. 2020); Huminski v. Corsones, 396 F.3d 53, 91 (2d Cir. 2005); Braun v. Baldwin, 346 F.3d 761, 763 (7th Cir. 2003); Waitzmann v. Clay Cnty., Missouri, No. 4:23-CV-00789-DGK, 2024 WL 4803739, at *3 (W.D. Mo. Nov. 15, 2024); Davis, 2024 WL 4628416, at *3; Wright v. Marshall Cnty. Alabama, 752 F. Supp. 3d 1244, 1262 (N.D. Ala. 2024); Peltz v. Roberts, No. CV-23-00094-TUC-RCC, 2023 WL 8664334, at *8 (D. Ariz. Nov. 13, 2023); Pace v. Cnty. of Cortland, No. 522-CV-1211, 2023 WL 7324515, at *5 (N.D.N.Y. Nov. 7, 2023).  "In a nonpublic forum like a courthouse, 'the First Amendment rights of everyone . . . are at their constitutional nadir.'"  Enoch, 2024 WL 3597026, at *5 (quoting Mezibov v. Allen, 411 F.3d 712, 718 (6th Cir. 2005)).  That is, expressive speech in a nonpublic forum, such as a courthouse, "can be restricted as long as the restrictions are reasonable and are not an effort to suppress expression merely because

public officials oppose the speaker's view." Cornelius v. NAACP Legal Def. & Educ. Fund, Inc., 473 U.S. 788, 800 (1985).

Defendants rest their First Amendment argument on the assumption that the interior of the courthouse is a public forum.[8] It is not. They make no argument that Local Rule 83.8(a) is an unreasonable restriction in a nonpublic forum nor do they argue that the rule is not viewpoint neutral.

Importantly, "[t]he function of a courthouse and its courtrooms is principally to facilitate the smooth operation of a government's judicial functions. A courthouse serves to provide a locus in which civil and criminal disputes can be adjudicated." Huminski v. Corsones, 396 F.3d 53, 91 (2d Cir. 2005) (citing Berner, 129 F.3d at 26). Because of that purpose, "the courthouse is a place in which rational reflection and

---

[8] Defendants also state that that Officer Plante's order to stop recording was an unconstitutional prior restraint on speech that violated the First Amendment. "[T]he First Amendment does not guarantee the right to communicate one's views at all times and places or in any manner that may be desired." Heffron v. Int'l Soc. for Krishna Consciousness, Inc., 452 U.S. 640, 647 (1981). Defendants' prior restraint theory fails for the same reasons discussed above. In addition, defendants merely speculate that "[i]f the recording was intended for public dissemination," an argument of prior restraint on speech "could be particularly compelling." Doc. no. 34, at 6. Defendants do not show that they raised this theory in the trial proceedings, and they have not sufficiently developed a theory with actual facts to allow reasoned review by the court. See United States v. Burgos, 133 F.4th 183, 195 (1st Cir. 2025). The prior restraint theory is likely waived and is otherwise without merit.

disinterested judgment [must] not be disrupted." Berner, 129 F.3d at 26.

Local Rule 83.8(a) prohibits photographing, recording, broadcasting, transmitting and televising inside the Warren B. Rudman United States Courthouse and also prohibits possession of equipment for those purposes inside the courthouse. Given the nonpublic nature of the building and the purpose of the courthouse, that prohibition is reasonable to avoid disruption of court proceedings. Because there are exceptions to the prohibition for authorized personnel and for certain proceedings, the rule avoids unreasonable applications. LR 83.8(c). Local Rule 83.8(a) applies to "all persons" without any reference to or restriction based on viewpoint, and, for that reason, it is viewpoint neutral.

Defendants have not shown that they were convicted in violation of the First Amendment.

b. Due process

Defendants contend that their due process rights were violated because Judge Saint-Marc did not issue an oral or written decision. They also contend that their due process rights were violated because Staples's cell phone was taken from him at the end of his trial.

### (1). Guilty Verdicts

Defendants cite Federal Rule of Criminal Procedure 23(c) in support of their due process argument. Rule 23(c) provides: "In a case tried without a jury, the court must find the defendant guilty or not guilty. If a party requests before the finding of guilty or not guilty, the court must state its specific findings of fact in open court or in a written decision or opinion."

Judge Saint-Marc stated her guilty verdicts in open court at the end of each defendant's trial, along with the findings that supported each verdict. She also stated each defendant's sentence. As such Judge Saint-Marc found Gerhard and Staples guilty and issued an oral verdict in each case. The proceedings, including the guilty verdicts and sentences, were transcribed, which provides a written record of those decisions. Defendants can request that transcripts be prepared, which requires purchasing the transcripts, unless other arrangements are requested and allowed. No due process violation occurred based on the oral decisions on the record by Judge Saint-Marc, which are preserved by transcriptions of the proceedings.

### (2). Staples's cell phone

Judge Saint-Marc allowed Staples to use his phone during his trial for the limited purpose of presenting evidence but prohibited him from recording the proceedings. Staples complied

13

with that restriction to a point.  When Judge Saint-Marc began to deliver the verdict and the reasons for the verdict, however, Staples began to record the proceedings.  The judge ordered him to stop recording, which he refused to do.  He repeatedly swore at the judge and despite her direction to compose himself, he was unable to do so.  The phone was then taken from him.

Staples's phone incident did not affect Gerhard's trial, which had already concluded.  The phone incident occurred at the end of Staples's trial, and he has not shown or even argued that removal of his phone caused any prejudice to his ability to defend himself.  To the extent he believes his rights were violated by the manner in which the phone was removed or the time before it was returned, those are not issues for appeal.  Staples has not shown any due process violation caused by the removal of his phone that would be grounds for overturning his conviction.

### c. Selective enforcement

Defendants contend that they are the victims of selective enforcement of LR 83.8(a), but they have not pointed to evidence in the record to support that theory.  To demonstrate selective enforcement, "defendants bear a heavy burden of establishing that (1) defendants have been singled out while other similarly situated violators were left untouched, and (2) that the

government selected defendants for prosecution invidiously or in bad faith, i.e., based upon such impermissible considerations as race, religion, or the desire to prevent the exercise of their constitutional rights." United States v. Google, LLC, 692 F. Supp. 3d 583, 594 (E.D. Va. 2023) (internal quotation marks omitted); see also McCoy v. Town of Pittsfield, NH, 59 F.4th 497, 508 (1st Cir. 2023) ("To establish a claim of selective treatment, a plaintiff must show that (1) the plaintiff, compared with others similarly situated, was selectively treated; and (2) such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person."  Defendants have not shown that their convictions were the result of selective enforcement.

d. Fourth Amendment

Staples also contends that confiscation of his phone during his trial violated his Fourth Amendment rights.  As above, he makes no argument or showing that confiscation of his phone affected his ability to defend himself.  Any Fourth Amendment violation is not an issue for appeal.

### 3. Application of Local Rule 83.8(a)

Officer Plante's order to defendants to stop recording was lawful under Local Rule 83.8(a).  Local Rule 83.8(a) provides:

> Prohibition. Except authorized personnel in the discharge of their official governmental duties, all persons are prohibited from photographing, recording (audio or video), broadcasting, transmitting, or televising within the Warren B. Rudman U.S. Courthouse (including the garage, basement, and ramp area, as well as other areas designated on specific occasions by the United States Marshal when necessary for security reasons). This prohibition extends to persons participating in a court proceeding remotely by video or teleconference.

There is no dispute that defendants were recording in the lobby of the courthouse, without permission, when Officer Plante told them to stop, and they refused.

Contrary to defendants' theories, LR 83.8 applies to the entire area within the Rudman Courthouse.[9]  LR 83.8 also applies whether persons entering the courthouse are interested in civil or criminal proceedings.[10]  41 C.F.R. § 102-74.420 does not undermine defendants' convictions because the regulation allows photographs in certain federal properties "[e]xcept where

---

[9] Defendants contend that LR 83.8 is limited to courtrooms, and in their reply they quote a "Local Rule 83.8" from "Combined Local Rules" with language limited to restrictions in courtrooms.  The cited and quoted rule is not the rule in this district.  Doc. no. 41, at 12.  Defendants were ordered to comply with LR 83.8(a), not the rule that they cite.

[10] The civil local rules apply for purposes of criminal proceedings absent "conflict with any statue, federal or local criminal rule or individual order." LCrR 1.1(d).

16

security regulations, rules, orders or directives apply or a Federal court order or rule prohibits it." LR 83.8(a), one of the local rules in this district, prohibits it.

Defendants have not shown that LR 83.8 was misapplied to require them to stop recording inside the courthouse.

### 4. Novel arguments

The court assumes that defendants' "novel arguments" are those issues raised in their appellate brief but not addressed in their reply. Those arguments appear to be the overturning of Chevron deference in Loper Bright Enterprises v. Raimondo, 603 U.S. 369 (2024); the void for vagueness doctrine, and the exclusionary rule.[11] None of those arguments have merit.

#### a. Chevron deference

In Loper Bright, the Supreme Court overturned the doctrine of deferring to a federal agency's statutory interpretation,

---

[11] To the extent defendants challenge the constitutionality of their bench trials (trial without a jury) and their lack of appointed counsel, that claim also lacks merit. The Sixth Amendment does not require either a trial by jury or representation by counsel for minor violations, such as petty offenses, that do not include penalties of incarceration. See Blanton v. City of N. Las Vegas, 489 U.S. 538, 543-44 (1989) (holding that the Sixth Amendment does not guarantee a jury trial on petty offenses); Scott v. Illinois, 440 U.S. 367 (1979) (holding that there is no Sixth Amendment right to counsel when defendant does not face incarceration).

17

known as Chevron deference. There was no issue of statutory interpretation in Staples's and Gerhard's cases. Therefore, the holding in Loper Bright has no effect here.

### b. Void for vagueness doctrine

The government contends that defendants did not raise a challenge to the charges against them before Judge Saint-Marc based on the void for vagueness doctrine and that they cannot raise the issue for the first time on appeal. See United States v. Feliciano-Candelario, 128 F.4th 5, 16 (1st Cir. 2025) (holding that defendant's failure to argue an issue not raised below under the plain error standard doubly waived the issue on appeal). Because defendants did not pursue that issue in their reply, it is likely waived.

In any case, even if the issue were not waived, defendants have not shown that either Local Rule 83.8 or § 102-74:385 is void for vagueness. See, e.g., Frese v. Formella, 53 F.4th 1, 10 (1st Cir. 2022) (holding that a law "is impermissibly vague for lack of notice only if it prohibits an act in terms so uncertain that persons of average intelligence would have no choice but to guess at its meaning and modes of application." (internal quotation marks and citations omitted)). Local Rule 83.8(a) states that the following conduct is prohibited: "photographing, recording (audio or video), broadcasting,

18

transmitting, or televising within the Warren B. Rudman U.S. Courthouse." Section 102-74:385 provides that persons on federal property must comply "with the lawful direction of Federal police officers and other authorized individuals." Defendants have not shown that the language in either the rule or the regulation is not certain. Defendants' meritless disagreement with whether Officer Plante's order was lawful does not make the regulation vague.

        c.   Exclusionary rule

For purposes of the exclusionary rule, defendants argue that any evidence obtained by the government pursuant to an unlawful order to cease recording was obtained in violation of the Fourth Amendment, citing Mapp v. Ohio, 367 U.S. 643 (1961). Defendants point to no evidence that was introduced at either trial that was obtained by an unlawful order. In fact, Officer Plante's orders to cease recording were lawful. The exclusionary rule has no application in this consolidated appeal.

## Conclusion

For these reasons, the convictions of Frank Staples and Jason Gerhard for violating 41 C.F.R. § 102-74.385 are affirmed.

SO ORDERED.

_/s/ Steven J. McAuliffe_
Steven J. McAuliffe
United States District Judge

May 9, 2025

cc:  Frank N. Staples, pro se
     Jason L. Gerhard, pro se
     Counsel of Record