UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                                                    Case No. 24-po-23-SM-1
                                                   Opinion No. 2025 DNH 097

Frank N. Staples

**O R D E R**

On April 9, 2024, Magistrate Judge Saint-Marc found Frank
Staples guilty of the petty offense of failing to comply with
the lawful order of a federal police officer, in violation of 41
C.F.R. § 102-74.385.  He was sentenced to pay a fine of $100 and
a non-waivable assessment of $30.  This court affirmed Staples'
conviction on appeal.  Staples further appealed his conviction
to the Court of Appeals for the First Circuit, where the matter
is currently pending.

Following his conviction, Staples filed an "Emergency
Motion for Return of Property" and an "Emergency Motion to
Preserve Evidence."  For the reasons discussed, his motion
seeking the return of his cell phone is granted in part and
denied in part.  His motion to preserve evidence is denied as
moot.

**Background**

It is, perhaps, appropriate to begin by noting that this court's local rules provide that, "all persons are prohibited from photographing, recording (audio or video), broadcasting, transmitting, or televising within the Warren B. Rudman U.S. Courthouse (including the garage, basement, and ramp area . . ..)."  Local Rule 83.8, Rules of the United States District Court for the District of New Hampshire (Dec. 1, 2023).  See also 41 C.F.R. § 102-74.420 (providing that federal courts may, by rule or court order, prohibit the taking of photographs within a federal courthouse).

On Friday, September 8, 2023, Staples and a companion, Jason Gerhard, entered the Warren B. Rudman Federal Courthouse in Concord, New Hampshire, with video equipment and began recording.  Federal Police Officer Michael Plante informed Staples that video recording within the building was a violation of the court's local rules and was not permitted.  Staples agreed to leave but informed Officer Plante that he would be back the following Monday and planned again to make a video recording within the building.  According to Officer Plante, Staples said that he and Gerhard wanted to be arrested so they would have standing to challenge the court's prohibition on video recording.

The men returned the following Monday and, once again, began video recording within the building. Again, Officer Plante informed Staples that video recording was not permitted and repeatedly asked Staples to stop. Staples repeatedly refused. Officer Plante then asked Staples to leave the building. Again, Staples refused. He was then arrested, issued a Violation Notice (charging him with the petty offense of failing to comply with the lawful command of a federal police officer), and released.

On April 9, 2024, Magistrate Judge Saint-Marc held a bench trial at which Staples represented himself. During the course of the trial, Staples asked the judge to allow him to retrieve his cell phone on which he claimed to have exculpatory evidence including a video he had recently recorded. The judge responded by saying, "If I allow you to bring your phone in in order to stream your video, it's just going to be to stream the video. Okay? There's not going to be any allowance for recording or anything like that." (emphasis supplied). After some additional discussion with Staples, the judge said, "I will permit you to bring in your phone for the limited purpose of showing the video. Once you show the video, I'm going to have you put your phone back down and move forward with it. Okay. So, there's going to be no recording. I just want to make sure I'm clear on

3

that." (emphasis supplied). Staples agreed. He then retrieved his phone and played the video for the judge.

At the close of the evidence, Judge Saint-Marc issued an oral ruling, concluding that Staples was guilty of the petty offense charged - that is, violating 41 C.F.R. § 102-74.385. As the judge was issuing her ruling, Staples became disruptive and began swearing at the judge. The judge asked that Staples try to compose himself, to which he replied, "No, I'm not f*** composing sh**." He then opened his cell phone and began recording - in direct violation of the court's local rule and the judge's specific instructions to him just minutes earlier. When the judge warned that he could be held in contempt if he refused to turn off the recording device, Staples continued recording and said, "Hold me in contempt, then. You want to hold me in contempt, hold me in contempt." Staples' profanity-laced outburst continued and the judge asked the court security officers to remove him from the courtroom. As Staples was being escorted out, one of the officers - it is unclear from the audio recording of the proceedings exactly who - confiscated Staples phone.[1]

---

[1]    According to Staples, Federal Police Officer Michael Plante confiscated the phone. But, in an affidavit submitted in support of a search warrant application, Plante testified that another officer took custody of the phone and then gave it to

4

Two days later, the government sought and obtained a search warrant authorizing it to search the contents of Staples' phone for evidence of potential crimes (to include failure to comply with the lawful order of a federal police officer, disorderly conduct, prohibited recording within the Warren B. Rudman Courthouse, and contempt of court).  See United States v. Samsung Mobile, No. 24-mj-68-AJ, Warrant Application (document no. 1).  According to the government, "a forensic analysis of the phone identified the unlawful recording that the defendant made in the Courtroom at the conclusion of his petty trial." Response to Motion for Return of Property (document no. 55) at 2.

Staples seeks the return of that phone and an order of the court enjoining the government from destroying any "digital evidence" stored on it.  The government has agreed to return Staples' phone to him but seeks court authorization to delete the video recording Staples' made during his bench trial before Magistrate Judge Saint-Marc.

---

Plante.  Precisely which officer seized the phone is not a material fact.  All agree that Staples' phone was seized by an agent of the federal government and is currently in the government's possession.

**Discussion**

In support of his motion seeking the return of his cell phone, Staples invokes Rule 41(g) of the Federal Rules of Criminal Procedure, which provides that:

> A person aggrieved by an <u>unlawful search and seizure</u> of property <u>or</u> by the <u>deprivation of property</u> may move for the property's return.  The motion must be filed in the district where the property was seized.  The court must receive evidence on any factual issue necessary to decide the motion.  If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g) (emphasis supplied).

I.    <u>The Seizure of Staples' Phone was Lawful</u>.

According to Staples, his phone was seized in violation of the Fourth Amendment.  It was not.  Assuming, as Staples claims, Federal Officer Plante seized the phone after Staples began recording the courtroom proceedings and refused to stop – despite an unambiguous directive from the judge – such a warrantless seizure was entirely consistent with the Fourth Amendment.  As the Supreme Court has noted,

>It is, of course, an essential predicate to any valid
>warrantless seizure of incriminating evidence that the
>officer did not violate the Fourth Amendment in
>arriving at the place from which the evidence could be
>plainly viewed.  There are, moreover, two additional
>conditions that must be satisfied to justify the
>warrantless seizure.  First, not only must the item be
>in plain view; its incriminating character must also
>be immediately apparent.

Horton v. California, 496 U.S. 128, 136 (1990).  See also United States v. Gamache, 792 F.3d 194, 199 (1st Cir. 2015) ("As we have explained, the plain view doctrine permits the warrantless seizure of an item if the officer is lawfully present in a position from which the item is clearly visible, there is probable cause to seize the item, and the officer has a lawful right of access to the item itself.").

Here, each of those three prerequisites to a warrantless seizure was plainly present.  Officer Plante was lawfully in the courtroom at the time of the seizure.  He witnessed Staples recording the court proceedings in violation of the court's local rule and Magistrate Judge Saint-Marc's specific order to stop recording.  The phone, then, contained evidence of Staples' unlawful conduct, it was in plain view, and Officer Plante had the authority to collect that evidence.  The subsequent forensic search of Staples' phone was entirely consistent with the scope of the warrant obtained by the government two days later.  And,

despite Staples' claim to the contrary, neither the process employed to obtain the search warrant, nor the subsequent search of his phone deprived him of due process.

But, says Staples, that video recording is important evidence in the pending appeal of his criminal conviction, an unrelated § 1983 suit that he has pending against various New Hampshire officials, and "a prospective criminal complaint regarding the seizure itself." Motion to Preserve Evidence (document no. 57) at 6. As the government notes in its legal memorandum (document no. 58), that is a dubious claim. Indeed, one reason the government is willing to return the phone (albeit without the offending recording) is because it is not relevant to Staples' pending appeal. But, even assuming that video does have some potential relevance in other proceedings, that does not undermine or even call into question the validity of the original seizure of the phone.

II.   Staples is not Entitled to the Return of that Video.

The video recording at issue was created in violation of the court's local rules and in violation of the court's direct order that Staples not use his phone to record any aspect of his trial. The video is, then, "contraband" and the government is legitimately concerned that Staples will post it online (as he has apparently done with other videos taken within the

8

courthouse).  Accordingly, the government may properly remove it

from Staples phone before returning it to him.  See, e.g.,

United States v. Pierre, 484 F.3d 75, 87 (1st Cir. 2007) ("a

Rule 41(g) motion is properly denied if the defendant is not

entitled to lawful possession of the seized property, the

property is contraband or subject to forfeiture, or the

government's need for the property as evidence continues.")

(citations and internal punctuation omitted).  See generally

United States v. Droganes, 728 F.3d 580, 592 (6th Cir. 2013)

(noting that "individuals have no property interest in

contraband" in the context of a rule 41(g) motion for the return

of property).

     Nevertheless, the potential relevance of that video

recording (no matter how slight) in future proceedings

(including, perhaps, Staples' own trial if he is subsequently

charged for his unlawful conduct at his earlier trial) counsels

in favor of directing the government to preserve a copy of that

video for possible future use.  See Fed. R. Crim. P. 41(g)

(providing that the court "may impose reasonable conditions to

protect access to the property and its use in later

proceedings").

**Conclusion**

As noted above, the government is ready and willing to return Staples' phone.  It seeks only authorization to erase the video recording that Staple's unlawfully created of the proceedings surrounding his trial before the phone is returned to him.  And, as noted above, Staples is not entitled to the return of that video.  It may, then, properly be erased from Staples' phone.  Nevertheless, the government shall retain and store a copy of that video in case it should prove potentially relevant in any future legal proceeding.

For the forgoing reasons, as well as those set forth in the government's legal memoranda (documents no. 55 and 58), Staples' Motion for Return of Property (**document no. 54**) is granted in part and denied in part.  The government shall remove from Staples' phone the video recording of Staples' trial proceedings that was created on April 9, 2024, and then return the phone to Staples.  The government shall also retain a copy of that video recording in case it might be relevant in a future legal proceeding (at which point Staples can litigate whether he is entitled to a copy).  In light of the foregoing, Staples Emergency Motion to Preserve Evidence (**document no. 57**) is denied as moot.

10

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

August 18, 2025

cc:  Counsel of Record
     Frank N. Staples, pro se